No. 499

PENNSYLVANIA CO. v. GERHARDSTEIN

Ohio Appeals, 6th Dist., Erie CoC.

No. 224. Decided April 16, 1926

208. CARRIERS—When a car has been consigned as a lake shipment, and later reconsigned as a commercial shipment, tariff rates for commercial shipments apply.

YOUNG, J.

This cause arose in Erie Common Pleas for the purpose of determining rate of demurrage to be charged on a shipment of coal cars. It appears that Henry Gerhardstein shipped to Sandusky for lake shipment a train of coal in cars belonging to the Pennsylvania Co. Owing to delay in arrival of boats to complete shipment from that point, these cars, because of the persistent urging of the Pennsylvania Co. for their release, were reconsigned to a commercial concern.

The demurrage for commercial shipment is considerably higher than for lake shipment. The Pennsylvania Co. brought this action to enforce demurrage as per commercial shipment rates, this being denied prosecuted error. Court of Appeals held:

1. The schedule of rates is fixed by the Interstate Commerce Commission, and is binding alike on both shipper and carrier.

2. Under this rule the shipper is not relieved from paying the tariff rate altho he has made the shipment and paid a quoted price therefor.

3. By reconsigning the cars, this became a commercial shipment and rates for this class of shipment apply.

Judgment reversed.

Attorneys—King, Ramsey, Flynn & Pyle for Pennsylvania Co.; E. H. Savord for Gerhardstein; all of Sandusky.

No. 500

FEDERSPIEL v. MITCHELL BRICK CO.

Ohio Appeals, 1st Dist. Hamilton Co.

No. 2706. Decided Jan. 11, 1926.

997. REAL ESTATE—In descriptions of property monuments control courses and distances.

460. EQUITY—Reformation of deed will be granted to make description conform to intention of parties to the grant.

This is an action to reform a deed to properly describe the property conveyed. It seems from the evidence that Elizabeth Federspiel made a contract to convey to the Mitchell Brick Co. a piece of property owned by her. This property described in the contract of sale by metes and bounds, mentioning an iron bar as the north east corner.

The description in the deed was somewhat different as there seems to have been some confusion as to the exact measurement of the eastern line of this property. This description on the deed included property which she did not then own but which she afterward acquired.

It is very clear from the evidence that the brick company intended to buy only the property that Federspiel owned at the time of making the contract, and this is all the property she intended to convey. Because of the confusion as to the exact lot lines, Coates, a surveyor, before the grant, sank an iron bar at the north east corner as boundary.

The brick company contends that the description in the deed conveys to them part of the property which Federspiel acquired since the deed was drawn.

Hamilton Common Pleas rendered judgment for the Brick Co. Court of Appeals held:

1. Grantor intended to convey the land which was owned at time of grant.

2. That land was sufficiently described by metes and bounds and monuments erected to show boundaries.

Reformation of deed granted and decree entered accordingly.

Attorneys—Eckert, Cordes & Raidt for Federspiel; Burch & Peters and S. Geismar for Mitchell Brick Co.; all of Cincinnati.